| | |
|---|---|
| United States District Court, District of Montana, Butte Montana <br><br> C. Gregg Thomas <br><br> Plaintiffs, <br><br> v. <br><br> Gay Ann Masolo; Charles Masolo; United States of America, Department of the Interior, c/o Bureau of Land Management, <br> Defendants. <br><br> Gregg Thomas <br> PO Box 11718 <br> Bozeman, MT 59719 <br> 303.503.8362 <br> gthomasblrf@gmail.com | ▲ COURT USE ONLY ▲ <br><br> CV-22-55-BU-BMM-JTJ <br> Case No. <br><br> Div: |
| **COMPLAINT TO QUIET TITLE, AND DAMAGES FOR SLANDER OF TITLE, TRESPASS AND HARASSMENT** ||

COMES NOW, Gregg Thomas, pursuant to 28 USC § 2409a, seeking to quiet title to certain Real Property fully described in Exhibits A and B attached hereto as if fully set forth below; and also seeking legal determinations from the Court on condemnation under state law of the easement(s) granted by the federal government at the time of the aforementioned parcel sale; and, finally, seeking

damages from persons known and unknown who bait cattle to enter upon his land, lock Plaintiff out of and into his land, and ignore posted no-trespassing signs.

## JURISDICTION AND VENUE

Jurisdiction is proper in this Court because the federal government is required to settle the easement issues on three parcels of land-all parties own land in Montana, in Broadwater County. Venue is Proper in Butte because it is the closest court location for all litigants.

## FACTS COMMON TO ALL CLAIMS

1. The subject Property was surveyed by the federal surveyor in September, 1923, as indicated in Exhibit A.
2. The surveyor listed the subject access road on the survey.
3. The land was segregated from the public lands a year later when the current president, Coolidge, deeded the land described in the survey, also referencing the survey number, in the deed.
4. The Deed contains language guaranteeing the owner, through the authority of the United States, all rights and encumbrances of enjoyment of the land, referencing the mining laws of 1866, which guaranteed ingress and egress over the lands of others to patented mining claim owners.

5. Federal law also relied upon local law for further adopting legislation to regulate ingress and egress to and from Mining claims.

6. Exhibit C is a highlighted sentence from the 7th legislative session of the territory of Montana, dated 1872, page 597. The language of the law states :

> Section 1. The proprietor, owner, or owners of mining claims, whether patented under the laws of the United States or held under the local laws and customs of this territory, shall have a right of way for ingress and egress, for the necessary purposes, over and across the lands or mining claims (patented or otherwise) of others as hereinafter prescribed.

7. The survey at Exhibit A also depicts a cabin that was inhabited for many years. To this day, though dilapidated and replaced with two RV's, the cabin and its outhouse remain in the location they were depicted on the survey.

8. Only recently in the 100 year history of this property and access road have defendant Masolos attempted to restrict passage of the existing easement. The easement conveyed and settled in the 1924 purchase of the patented mining claim and used by the owners, their successors, and now the Plaintiff.

9. The subject access road was a Broadwater County road until, upon information and belief, the mid 1970's. It may have been erroneously or errantly vacated.

10. The access road is depicted on two boundary realignment surveys from 2003.

11. The access road is depicted upon the attached Exhibit D USGS topographical map from 2019 as an existing road, from the county road all the way to

plaintiff/ BLM land. Plaintiff highlighted the path along the access road he and the Masolos use to get to and from Plaintiff's property.

12. Exhibit E is the same survey from Exhibit A, but with 4 stars placed along the access road. The stars represent the 4 locations the Plaintiff has caught Masolos and their guests and Employees trespassing. In one video, Mr. Masolo can be seen leaving the roadway intentional and running over some tires.

13. The Masolos have admitted to Plaintiff they have historically baited their cattle up to and upon Plaintiffs land to encourage grazing. A feed trough that remains to this day can clearly be seen historically in satellite photos as far back as 2011.

14. The Masolos have attempted to lock Plaintiff out of and into his property even after being advised be the local deputy to refrain from interfering with the Plaintiff with regard to the property.

## CAUSES OF ACTION

15. All Defendants are the proximate cause of Plaintiff's actual damages, either by the defendant US government failing to properly record the intended or express easement(s) necessary for the property owners, and the successors for quiet enjoyment of the parcel, or the defendant Masolos ignoring the same; which they could have and should have known about.

16. This Court can provide the remedy by issuing a judgment in favor of Plaintiff quieting title, and thus Plaintiff seeks the same.

17. In the alternative, if this Court finds the easement deficient, this Court can issue the condemnation judgement and right-of-way prescribed as in MCA §§ 82-2-201 through 224, enter judgment requiring the federal government to repurchase the land from the Plaintiff and deficient warrantee of its deed.

18. Also in the alternative, plaintiff has already engaged an engineering firm to provide a plat for the condemned land, containing approximately 3.16 acres as well as made a "final offer" to the defendant Masolos for the condemned land defendant needs to formalize his right or way for mining, residence, farming and manufacturing activities on the parcel requiring the subject access road, per public use rights-of way statutes, if determined by the Court.

19. This Court can issue judgment in favor of Plaintiff for the slander of fitle for the actions of the Masolos when claiming to others that Plaintiff has no easement, knowing those are untrue statements, and causing damage thereby all-the-while acknowledging the easement with predecessor owners and for half a century, thus Plaintiff seeks a judgement for damages of their slanderous acts.

Plaintiff hereby demands a jury, for those issues that may be decided by a jury, and respectfully requests the court issue judgement in favor of Plaintiff for quiet title, a

temporary restraining order and permanent injunction enjoining Defendant Masolos from locking Plaintiff out of the land, damages, and any other such judgement the Court sees applicable.

Respectfully submitted the 1st day of August, 2022

Gregg Thomas

Gregg Thomas
PO Box 11718
Bozeman, MT 59719
303.503.8362
gthomasblrf@gmail.com

Certificate of Service

Under penalty of Perjury, the undersigned hereby states he filed a copy of this attached Complaint, Summons, and Civil Coversheet with the Clerk of District Court of the United States, District of Montana, Butte, MT. The undersigned then attempted service upon the defendants through personal service, a return of service to be delivered to the clerk of Court.

C. Gregg Thomas