Michael A. Kauffman
DarAnne Dunning
DRAKE LAW FIRM, P.C.
111 N Last Chance Gulch
Arcade Building, Suite 3J
Helena, MT  59601
michael@drakemt.com
daranne@drakemt.com

Attorneys for Defendants
Gay Ann and Charles Masolo

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| C. GREGG THOMAS,<br><br>                      Plaintiff,<br><br>vs.<br><br>GAY ANN MASOLO; CHARLES MASOLO; and UNITED STATES OF AMERICA, DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGMENT<br><br>                      Defendants. | Cause No. 2:22-CV-00055-BMM-JTJ<br><br>**BRIEF IN SUPPORT OF MOTION FOR REMAND** |

      Defendants Gay Ann Masolo and Charles Masolo ("Masolos") file this brief in support of their motion for an Order remanding this case pursuant to 18 U.S. Code § 1447(c). C. Gregg Thomas's ("Thomas") *pro se* Notice of Removal is legally meritless and procedurally deficient, requiring remand.

The Masolos initially note that Thomas's *Notice of Removal* is improperly captioned, with Thomas as the Plaintiff and Masolos as the Defendants. <u>The Masolos emphasize that they (the Masolos) are the state court plaintiffs and the Thomases the state court defendants.</u> The proper designation of Plaintiffs and Defendants are set forth in the state court filings attached to this brief.

## BACKGROUND

The facts in this section are set forth in the Masolos' *Brief in Support of Application for Temporary Restraining Order and Preliminary Injunction* at pp. 1-4, the *Affidavit of Gay Ann Masolo,* and in the *Masolos' Complaint for Declaratory Judgment and Injunctive Relief.* All of these documents were filed in the state court case at issue and are attached to this brief. *(Ex. 1 – State Court filings).*

This case arises from a dispute related to Thomas's right to access a 31.8-acre landlocked parcel of land that Thomas purports to have recently purchased in Broadwater County. The landlocked parcel is surrounded on two sides by property owned by the Masolos. The Masolos have for many decades locked the gate on the entrance to their property which would be used to access the landlocked parcel, and they do not believe that the previous owner accessed the parcel at all, or at best, it has been decades since an isolated visit.

The Masolos first heard from Thomas in a letter dated June 13, 2022, stating that he was about to become the new owner of the landlocked parcel, that he had

accessed the landlocked parcel via helicopter on June 1, and requesting that the Masolos grant him an express easement across their land to access the landlocked parcel.

The Masolos' counsel promptly responded to this letter via email on June 20, 2022, to Thomas' attorney, Mac Smith at Doney Crowley (Mr. Smith no longer represents Thomas), refusing to grant an easement and outlining reasons why the Masolos believed that there are no express easements, no facts to construe a prescriptive easement, and no unity of ownership for an easement by necessity.

The parties exchanged letters over the next month, with the Masolos repeatedly asserting that there was no legal right to access the landlocked parcel by crossing the Masolos' land.

Despite the knowledge that the Masolos did not grant him permission to cross their property to access the landlocked parcel and that the Masolos did not believe that he had any legal right to cross their property, Thomas purportedly obtained ownership on the parcel on July 25, 2022. Based on the Masolos' counsels' research, it appears that Thomas may in fact not be the legal owner of the parcel in question.

Before and after the July 25, 2022 deed purportedly transferring ownership to Thomas, he moved trailers and other equipment across the Masolos' land and onto the landlocked parcel, cut locks and chains on the Masolos' gates, and

removed and hauled off the Masolos' gates, endangering their cattle, among other egregious behavior.

The Broadwater County District Court granted the Masolos' request for a temporary restraining order last Friday, July 29, 2022. The Temporary Restraining Order states that

> Defendants Christopher Gregg Thomas and Margaret Thomas, their agents, and their invitees are temporarily restrained from accessing or in any way using the Masolo's property in Broadwater County to access the land-locked parcel of land in Broadwater County (The Iron King and Great Western Quartz Lode Mining Claims, No 10332, situated in Township Nine (9) North, Range One (1) West, of M.P.M. of said county and state), which the Thomases claim to have recently purchased, until a hearing can occur on the preliminary injunction request below.

The Temporary Restraining Order further states that the order "shall remain in effect unless and until Defendants appear and show cause why a preliminary injunction should not be granted for the pendency of these proceedings." The Court set a show cause hearing in the matter for August 8, 2022 at 9:30 a.m.

Thomas was made aware of the Temporary Restraining Order after it was issued by the Court, but he and his wife Margaret Thomas actively avoided service. Both Thomases were served with the Temporary Restraining Order on Wednesday, August 3rd. *(Affidavits of Service)*

## ARGUMENT

**1. As Neither Federal Question nor Diversity Jurisdiction Exists, Removal is Improper and this Case Must be Remanded.**

Removability is determined from the face of the state court complaint at issue. This is the same "well pleaded complaint rule" that determines original federal question jurisdiction. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 925 (1998). The "well pleaded complaint rule" makes the state court plaintiff (the Masolos here) the "master of the claim" for the purposes of removal jurisdiction. This means that, absent diversity (which does not exist here), a case is removable only where a federal question is presented on the face of the state court plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, fn 7 (1987) ("[T]he party who brings a suit is master to decide what law he will rely upon.")

The "well pleaded complaint rule" means that the complaint that Thomas filed in this Court has absolutely no bearing on the removability analysis. Thomas's complaint is legally and procedurally flawed in numerous ways, which the Masolos will explain later in the appropriate responsive pleading, but it is irrelevant to the question of whether this case was properly removed.

### A. Federal Question Jurisdiction Does Not Exist.

Thomas's Notice of Removal purports to remove the case on the basis of federal question jurisdiction – "pursuant to 28 U.S.C. § 1441(c)." *See* Doc. 3 at 1.

The Masolos' state court complaint, however, very clearly does not include federal claims. Thomas failed to attach the Masolos' complaint to his Notice of Removal as required, but the Masolos' complaint and all other state court filings are attached to this brief.

The Masolos' state court complaint seeks injunctive relief under §§ 27-19-101, MCA, et seq. and declaratory relief under §§ 27-8-101, MCA et seq. The legal issues underlying the requests for injunctive and declaratory relief are whether Thomas has an easement or any other legal right to cross the Masolos' property to access the landlocked parcel he purports to have purchased. These are state law claims that will be determined based on state, not federal, law. *(Masolo Complaint)*

Although this case must be remanded based on the fact that of the Masolos' state court complaint states only state law claims, Thomases' allegations that led to the Masolos' complaint make it abundantly clear that only state claims are at issue. Thomas has variously alleged that he has an express easement across the Masolos' property (a state law issue) and that he can establish a right-of-way to mining claim via eminent domain pursuant to a Montana statute - § § 82-2-201, MCA. (Smith Letter – Ex. 4 to *Gay Ann Masolo Affidavit*.

Finally, as noted above, Thomas's federal court complaint is fatally flawed both legally and procedurally, but even if it stated a valid federal claim (it doesn't), it is completely irrelevant to the removability analysis, which depends entirely on

6 – Brief in Support of Motion for Remand

the face of the state court plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. at 392.

The only federal topic mentioned, tangentially, in the Masolos' complaint is that in addition to Thomas's egregious behavior with respect to the Masolos' land, Thomas appears to have crossed BLM land without permission to access the landlocked parcel. *Masolo Complaint* at 4. This issue is at best tangential to the legal issues in the Masolos' complaint, and incidental federal issues are not sufficient for removal. Removal cannot be based on the fact that federal law may be referred to in some context in the case. If the state court plaintiff's claim does not "arise under" federal law, it is not removable on federal question grounds. *Berg v. Leason*, 32 F.3d 422, 425-26 (9th Cir. 1994).

### B. Diversity Jurisdiction Does Not Exist.

Thomas's Notice of Removal does not seek removal based on diversity jurisdiction, and none exists in this case. Both the Masolos and the Thomases are Montana residents, which precludes diversity jurisdiction. Moreover, even if Thomas's federal complaint had any bearing on the removability analysis, the fact that he included the Department of the Interior, Bureau of Land Management as a Defendant does not matter, because complete diversity is required for removal. *See* 28 U.S.C. §1446 (b)(2). Thomas's complaint, even if it had bearing on the analysis,

does not have complete diversity because the Masolos and Thomases are all Montana residents.

### C. Thomas's Attempted Removal is Procedurally Invalid.

The lack of federal question or diversity jurisdiction alone mandates remand, but the procedural flaws in Thomas's removal attempt provide additional bases for remand. First, Thomas filed the Notice of Remand in the wrong division of the Montana District Court, as the state court case is filed in Broadwater County. *See* L.R. 1.2(c). Thomas also failed to provide this Court with a copy of "all process, pleadings, and orders served upon such defendant or defendants in such action." *See* 28 U.S.C. § 1446(a). Thomas's attempted removal is additionally invalid because it has not been joined by his wife and co-defendant Margaret, contrary to the requirement that all defendants who have been properly served must join in or consent to the removal of the action. *See* 28 U.S.C. § 1446 (b)(2)(A).

### D. This Case Should be Promptly Remanded in Order to Deny Thomas's Meritless Attempt to Subvert a Valid Restraining Order.

As established above, Thomas's removal attempt is legally and procedurally invalid and must be remanded. Thomas's removal attempt also is the latest in a series of maneuvers that appear to be designed to avoid the legal ramifications of his egregious actions (which include cutting locks and chains and stealing gates) toward the Masolos and their property.

8 – Brief in Support of Motion for Remand

The Broadwater County District Court issued its Temporary Restraining Order prohibiting the Thomases from using the Masolo property last Friday, July 29th. Thomas was aware of the Temporary Restraining Order, but evaded service until Wednesday, August 3rd.

The state court Temporary Restraining Order remains in effect, as it was issued several days before Thomas's Notice of Removal. *See Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996); 28 U.S.C. § 1450 ("[A]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.")

Once a case is removed, however, federal rather than state procedural rules govern the future course of proceedings. F.R. Civ. P. 81(c). Therefore, because F.R. Civ. P. 65(b)(2) limits temporary restraining orders to 14 days, without remand, the state court temporary restraining order will remain in effect for only 14 days after July 29, 2022.

The Masolos respectfully request that this Court issue its remand order by tomorrow, August 5th, so that the state court show cause hearing may go forward as scheduled. If the Court is unable to issue the remand order by August 5th, the Masolos request that the order be issued prior to the expiration of the 14-day period in which the state court temporary restraining order is in effect.

DATED this 4th day of August, 2022.

    DRAKE LAW FIRM, P.C.

    BY: /s/ Michael Kauffman
    Michael Kauffman
    111 N. Last Chance Gulch Suite 3J
    Helena, MT 59601
    Attorneys for the Masolos

## CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 7.1.(d)(2)(E)

I hereby certify that this BRIEF IN SUPPORT OF MOTION TO REMAND, excluding caption, certificates of service, and compliance, contains 3,594 words, as determined by the word processing software used to prepare this document, specifically Word.

DATED this 4th day of August, 2022.

    DRAKE LAW FIRM, P.C.

    BY: /s/ Michael Kauffman
    Michael Kauffman

## CERTIFICATE OF SERVICE

I, hereby certify that I mailed a true and correct copy of the Brief in Support of Motion to Remand, postage fully prepaid by U.S. Mail, on this 13th day of May, 2022 to the following:

Gregg Thomas
P.O. Box 11718
Bozeman, MT 59719
gthomasblrf@gmail.com

    BY: /s/ Michael Kauffman
    Michael Kauffman

10 – Brief in Support of Motion for Remand