Michael A. Kauffman
DarAnne Dunning
DRAKE LAW FIRM, P.C.
111 N Last Chance Gulch
Arcade Building, Suite 3J
Helena, MT  59601
michael@drakemt.com
daranne@drakemt.com

Attorneys for Defendants
Gay Ann and Charles Masolo

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| C. GREGG THOMAS,<br><br>                    Plaintiff,<br><br>vs.<br><br>GAY ANN MASOLO; CHARLES MASOLO; and UNITED STATES OF AMERICA, DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGMENT<br><br>                    Defendants. | Cause No. 2:22-CV-00055-BMM-JTJ<br><br>**BRIEF IN SUPPORT OF MASOLO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** |

Defendants Gay Ann Masolo and Charles Masolo ("Masolos") file this brief in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff C. Gregg Thomas's Complaint in its entirety.

Thomas's Complaint, even construed in the light most favorable to him, fails to state a claim upon which relief can be granted.

Thomas's only claim arising under federal law – his Quiet Title claim – is facially and legally invalid and must be dismissed because: 1) the federal Quiet Title Act only allows claims against the United States, not individuals like the Masolos, and 2) Thomas's Complaint does not plead facts supporting a viable Quiet Title action against any party, even the United States.

Thomas's remaining claims – alleged right of access based on Montana mining statutes, slander of title, and trespass – must be dismissed because: 1) his Complaint fails to plead facts that, even if taken as true, would support the required elements of his claims, and 2) this Court does not have jurisdiction over the claims because they do not arise under federal law.

## <u>BACKGROUND</u>

This case arises from a dispute about Thomas's claim of a right to access a 31.8-acre landlocked parcel that Thomas allegedly purchased in Broadwater County on July 25, 2022.[1] The landlocked parcel is surrounded on two sides by property owned by the Masolos.

---

[1] The Masolos' counsels' research indicates that major chain of title issues exist regarding the parcel in question. See Doc. 7-1 at page 23-24 – Gay Ann Masolo Affidavit ¶¶ 16-18.

2. BRIEF IN SUPPORT OF MASOLO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)



(Parcel in question marked with X and Masolo land on two sides of it).
Thomas's claims arise from his belief, which is unsupported by actual evidence, that
he has a right to cross the Masolos' land to access the landlocked parcel.

Thomas went through with his purchase of the property despite being
repeatedly told by the Masolos, through their counsel and <u>before</u> his purchase, that
he had no legal right to use the Masolos' property to access the landlocked parcel.
*See Doc*. 7-1 at p. 23-24, ¶¶ 10, 12, pp. 28 and 33-34.

The Masolos have for many decades locked the gate on the entrance to their
property which would be used to access the landlocked parcel, and they do not
believe that the previous owner accessed the parcel at all, or at best, it has been
decades since an isolated visit. Doc. 7-1 at p. 21, ¶ 5.

3. BRIEF IN SUPPORT OF MASOLO DEFENDANTS' MOTION TO DISMISS PURSUANT
TO RULE 12(b)(6)

The Masolos first heard from Thomas in a letter dated June 13, 2022, stating that he was about to become the new owner of the landlocked parcel, that he had accessed the landlocked parcel via helicopter on June 1, and requesting that the Masolos grant him an express easement across their land to access the landlocked parcel. Doc. 7-1 at p. 21, ¶ 5, pp. 26-27.

The parties exchanged letters over the next month, with the Masolos, through their counsel, repeatedly asserting that there was no easement or other legal right to access the landlocked parcel by crossing the Masolos' land. Doc. 7-1 at pp. 21-22, 28-34.

Despite his knowledge that the Masolos did not grant him permission to cross their property to access the landlocked parcel and that the Masolos did not believe that he had any legal right to cross their property, Thomas purportedly obtained ownership on the parcel on July 25, 2022. Again, based on the Masolos' counsels' research, it appears that Thomas may in fact not be the legal owner of the entire parcel in question.

Before and after the July 25, 2022, deed purportedly transferring ownership to Thomas, he moved trailers and other equipment across the Masolos' land and onto the landlocked parcel, cut locks and chains on the Masolos' gates, and removed and hauled off the Masolos' gate, endangering their cattle, among other egregious behavior. Doc. 7-1.

The Broadwater County District Court granted the Masolos' request for a temporary restraining order on Friday, July 29, 2022. The Temporary Restraining Order states that:

> Defendants Christopher Gregg Thomas and Margaret Thomas, their agents, and their invitees are temporarily restrained from accessing or in any way using the Masolo's property in Broadwater County to access the land-locked parcel of land in Broadwater County (The Iron King and Great Western Quartz Lode Mining Claims, No 10332, situated in Township Nine (9) North, Range One (1) West, of M.P.M. of said county and state), which the Thomases claim to have recently purchased, until a hearing can occur on the preliminary injunction request below.

The Temporary Restraining Order further states that the order "shall remain in effect unless and until Defendants appear and show cause why a preliminary injunction should not be granted for the pendency of these proceedings." The Court set a show cause hearing in the matter for August 8, 2022 at 9:30 a.m.

Shortly after the August 8th show cause hearing began, Thomas stated that he needed additional time to prepare and consented to an extension of the Temporary Restraining Order until a second show cause hearing. The court then extended the Temporary Restraining Order and scheduled a show cause hearing for September 16, 2022.

Thomas's claims of an easement or other right to cross the Masolos' property appear to be based on a fundamental misconception of the law. Thomas apparently believes that the fact that an almost 100-year-old map of the land-

locked parcel shows a road on the parcel somehow creates an easement or other right to cross adjacent property owned by the Masolos, which is not even shown on the map. Thomas has produced no documents or other evidence describing or even referencing an express easement across the Masolos' property, and no evidence exists that even comes close to creating a prescriptive easement or an easement by necessity.

## ARGUMENT

### 1.  Thomas's Quiet Title Act Claim is Legally Invalid and Factually Unsupported.

Thomas's Complaint attempts to bring a Quiet Title claim against the Masolos and the United States Department of the Interior pursuant to 28 U.S.C. § 2409. Thomas's Quiet Title claim is facially and legally invalid and must be dismissed because: 1) the federal Quiet Title Act only allows claims against the United States, not individuals like the Masolos, and 2) Thomas's Complaint does not plead facts, even if taken as true, that support a viable Quiet Title action against any party, even the United States.

The Quiet Title Act, 28 U.S.C. § 2409a, provides the "exclusive means by which claimants can challenge *the United States'* title to real property." *Leisnoi, Inc., v. United States*, 170 F.3d 1188, 1191 (9th Cir. 1999) (emphasis added) (citing *Block v. N.D.*, 461 U.S. 273, 286, 103 S. Ct. 1811, 75 L. Ed 2d 840).  The

Quiet Title Act does not allow claims against private individuals. 28 U.S.C. §

2409; *Leisnoi*, 170 F.3d 1188, 1191-92.

Section § 2409a of the Quiet Title Act provides in pertinent part:

(a) The United States may be named as a party defendant in a civil action under this section to adjudicate a *disputed title* to real property in which the *United States claims an interest*, other than a security interest or water rights.

. . . .

(d) The complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or *interest claimed by the United States*.

28 U.S.C. § 2409a(a), (d) (emphasis added). These subsections make it clear that two conditions must exist before a district court can exercise jurisdiction over an action under the Quiet Title Act:

(1) the United States must claim an interest in the property at issue, and

(2) there must be a disputed title to real property.

If either condition is absent, the Act in terms does not apply and the district court lacks jurisdiction to entertain the action.

*Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1191.

Thomas's Complaint, even construed in the most favorable light, does not

include facts supporting a viable Quiet Title claim under the standard provided

above. First, Thomas's Complaint does not even state with particularity the nature

of the right, title, or interest which Thomas claims in the real property at issue, nor

the circumstances under which Thomas acquired the property. Moreover,

Thomas's Complaint does not set forth with particularity (or at all) the right, title,

or interest allegedly claimed by the United States.[2]

This lack of factual specificity is contrary to both the specific requirements

of the Quiet Title Act and fundamental pleading standards, which require that a

plaintiff provide "sufficient factual matter, accepted as true, to 'state a claim to

relieve that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 663, 678, 129 S.

Ct. 1937, 1949 (2009); *Valadez-Lopez v. Chertoff*, 656 F3d 851, 858-59 (9th Cir.

2011).

In fact, Thomas's Complaint, even read generously, states a claim that is the

opposite of that allowed by the Quiet Title Act. Thomas's claim appears to be that

the United States <u>did not claim</u> or reserve an easement right to access the parcel at

issue, but the Quiet Title Act only allows claims where a Plaintiff disputes a right

that the United States <u>has claimed</u> to real property.

This dispute is not one that falls under the Quiet Title Act. It is simply a

matter of whether, under state law, Thomas has an easement across the Masolos'

property, and the ongoing state court action will answer that question.

---

[2] The Masolos' counsels' separate research and investigation has yielded no documents or other information identifying an easement across the Masolo property in favor of the owner of the parcel in question or identifying a disputed right claimed by the United States to the parcels in question.

Because Thomas's Complaint does not state a claim under the Quiet Title Act against any party, and certainly not against the Masolos, the claim is invalid, this Court does not have jurisdiction, and the claim must be dismissed. 28 USC § 2409a; *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1191.

**2. Thomas's Claim Based on Montana Mining Statutes Should be Dismissed Because the Statute's Plain Language States That Such Claims Must be Brought in State Court and Because Federal Question Jurisdiction Does Not Exist.**

Thomas's Complaint, in a single paragraph, attempts to state a claim pursuant to §§ 82-2-201, et seq. MCA:

> 17. In the alternative, if this Court finds the Easement deficient, this Court can issue the condemnation judgement (sic) and right-of-way prescribed as in MCA §§ 82-2-201 through 224, enter judgment requiring the federal government to repurchase the land from the Plaintiff and deficient warrantee of its deed.

Thomas's theory with respect to §§ 82-2-201, MCA is flawed in myriad ways, but for the purposes of this motion to dismiss, the most critical flaw is that the Montana state statute at issue clearly provides for complaints pursuant to the statute to be brought in <u>state district court</u>, not federal district court. *See* §§ 82-2-203, MCA. This not only is apparent from the plain language of the statute, but based on the fact that, under basic jurisdictional principles, a state statute dealing with rights-of-way provided for under said state statute would not provide for complaints under the statute to be brought in federal court. If any question

remained about whether actions under the statute are to be brought in <u>state</u> district court, they are dispelled by § 82-2-212, MCA, which states that "an appeal to the supreme court may be taken by either party as in other cases."

Additionally, and apart from the fact that the plain language of §§ 82-2-201 et seq, MCA, requires claims to be filed in state court, this Court has no jurisdiction over claims brought under this Montana state statute, because it does not arise under federal law, so federal question jurisdiction does not exist. 28 USC § 1331.

### 3. Thomas's Slander of Title Claim Should be Dismissed Because it is Not Factually Supported and Because it Does Not Arise Under Federal Law.

Thomas's Complaint also apparently seeks damages for alleged slander of title:

> This Court can issue judgment in favor of Plaintiff for the slander of fitle (sic) for the actions of the Masolos when claiming to others that Plaintiff has no easement, knowing those are untrue statements, and causing damage thereby all-the-while acknowledging the easement with predecessor owners and for half a century, thus Plaintiff seeks a judgement (sic) for damages of their slanderous acts.

*Complaint* at ¶ 19.

Thomas's slander of title must be dismissed because 1) he has failed to plead facts that, even if taken as true, state a claim that is plausible on its face, 2) statements made in connection with a judicial proceeding are absolutely privileged,

and 3) the slander of title claim does not arise under federal law so federal question

jurisdiction does not exist.

Slander of title is defined as:

One who maliciously publishes false matter which brings in question
or disparages the title to property, *thereby causing special damage to
the owner*, may be held liable in a civil action for damages. The
essential elements of the cause of action, which are subsequently
discussed, are the uttering and publication of the slanderous words by
the defendant, the falsity of the words, malice, and special
damages. *The action is not for the words spoken, but for special
damages for the loss sustained by reason of the speaking and
publication of the slander.*

*First Sec. Bank v. Tholkes,* 169 Mont. 422, 427, 547 P.2d 1328 (1976) citing
50 *Am.Jur. 2d Libel and Slander,* § 541, p. 1060 and *Continental Supply Co. v.
Price*, 126 Mont. 363, 374, 251 P.2d 553.

Thomas has provided no specific facts supporting any of the elements of a

slander of title action, instead providing only a conclusory allegation in paragraph

19. Thomas's Complaint supplies no facts alleging: 1) which statements of the

Masolos he is referring to, 2) when and where the statements allegedly were

published, 3) how the alleged statements were allegedly false, 4) how the

statements allegedly were malicious, and 5) what special damages he allegedly

sustained. Even under the most generous review, Thomas's Complaint fails to state

a slander of title claim upon which relief can be granted, because he has failed to

provide facts establishing any of the elements of slander of title, much less all of

the elements. *Iqbal*, 556 U.S. 678, 129 S. Ct. 1949; *Valadez-Lopez v. Chertoff*, 656 F3d 858-59.

Thomas's slander of title claim must be dismissed because it provides no factual allegations that inform the Masolos about what they are defending, but this claim also fails for additional reasons. Based on Thomas's emails and other statements it appears that the statements Thomas is referring to in his slander of title claim are statements made by the Masolos and their counsel <u>in connection with the current legal proceedings</u> in state and federal court, regarding the questionable chain of title of the land at issue. These statements made in connection with legal proceedings are absolutely privileged and cannot form the basis of a slander of title claim. *Restatement of Torts (Second)* §§ 586 & 587; § 27-1-804, MCA. Finally, and as with Thomas's other claims, Thomas's slander of title claims does not arise under federal law, so federal question jurisdiction does not exist, and this Court therefore does not have subject matter jurisdiction over the claim. 28 USC § 1331.

**4. Thomas's Trespass Claim Should be Dismissed Because it is Not Factually Supported and Because it Does Not Arise Under Federal Law.**

Thomas's Complaint also apparently attempts to state a trespass claim:

12. Exhibit E is the same survey from Exhibit A, but with 4 stars placed along the access road. The stars represent the 4 locations the Plaintiff has caught Masolos and their guests and Employees

trespassing. In one video, Mr. Masolo can be seen leaving the
roadway intentional and running over some tires.

13. The Masolos have admitted to Plaintiff they have historically
baited their cattle up to and upon Plaintiffs (sic) land to encourage
grazing. A feed trough that remains to this day can clearly be seen
historically in satellite photos as far back as 2011.

As with Thomas's other claims, his trespass claim fails for multiple reasons.
First, this Court does not have jurisdiction over the trespass claims, because the
claim does not involve a federal question and no diversity jurisdiction exists. 28
USC § 1331; 28 USC § 1332. Moreover, Plaintiff's Complaint provides no facts
supporting the allegation that the Masolos inappropriately entered his property
after he (allegedly) purchased the property on July 25th of this year. In state court
filings, Thomas provided photos depicting the alleged "trespass," but the photos of
the Masolos on the property in question are dated before Thomas allegedly owned
the property. So, Thomas's "evidence" of the Masolos' alleged trespass is actually
only evidence that Thomas inappropriately placed cameras on the property before
he "owned" it, and that he likely illegally crossed the Masolos' land to do so.

Thomas's allegations regarding historical grazing and placement of feed
troughs are 1) irrelevant because he did not own the land at the time, and 2) legally
flawed in any event because the land in question is open range and the parcel in
question has never been fenced to keep cattle out, and the Stablers had no objection

to the Masolos' grazing or other activities on the parcel during the decades they owned the property.

## CONCLUSION

Thomas's Complaint against the Masolos should be dismissed in its entirety because 1) his Quiet Title claim – the only claim arising under federal law – may not be brought against private individuals like the Masolos, 2) his Complaint does not state sufficient facts to make any of his claims plausible on their face, and 3) his mining right-of-way, slander of title, and trespass claims do not arise under federal law and this Court therefore does not have subject matter jurisdiction.

DATED this 23rd day of August 2022.

DRAKE LAW FIRM, P.C.

BY: /s/ Michael Kauffman
Michael Kauffman
Attorneys for Defendants

## CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 7.1.(d)(2)(E)

I hereby certify that this BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6), excluding caption, certificates of service, and compliance, contains 2988 words, as determined by the word processing software used to prepare this document, specifically Word.

DATED this 23rd day of August 2022.

DRAKE LAW FIRM, P.C.

BY: /s/ Michael Kauffman
Michael Kauffman

# **CERTIFICATE OF SERVICE**

I, hereby certify that I e-mailed and mailed a true and correct copy of the Brief in Support of Masolo Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), postage fully prepaid by U.S. Mail, on this 23rd day of August, 2022 to the following:


Gregg Thomas
P.O. Box 11718
Bozeman, MT 59719
gthomasblrf@gmail.com

/s/ Michael Kauffman
Drake Law Firm, P.C.